[Civ. No. 52052. Second Dist., Div. Three. Dec. 27, 1978.]

ROBERT VAN DEN EIKHOF, Plaintiff and Appellant, v. GAIL HOCKER et al., Defendants and Appellants.

**COUNSEL**

Robert K. Ballard for Plaintiff and Appellant.

Finn, Alsop & Silva, John E. Finn and Robert Clasen for Defendants and Appellants.

**OPINION**

**COBEY, J.**—Plaintiff, Robert Van Den Eikhof, appeals from an order granting a new trial as to defendant, Guy J. Hocker,. Jr., only. All defendants (Guy J. Hocker, Jr., Gail Hocker and Patricia L. Hocker) cross-appeal from (1) the judgment against them in the amount of $190,000 as to Guy and Gail and in the amount of $15,000 as to Patricia; (2) an order denying their motion for judgment notwithstanding the verdict; and (3) an order denying their motion for new trial. The appeal lies (Code Civ. Proc., § 904.1, subd. (d)), but the cross-appeal lies only from the judgment and from the order denying defendants' motion for judgment notwithstanding the verdict. (Code Civ. Proc., § 904.1, subds. (a), (d); 6 Witkin, pt. I, Cal. Procedure (2d ed. 1971) Appeal, § 71, p. 4084.)

The dispositive issue on both the appeal and the cross-appeal is whether substantial evidence exists to support the special finding of the jury that, at the time of the accident in which plaintiff was negligently injured, the aforementioned defendant, Gail Hocker, was the agent of the aforementioned codefendant, Guy J. Hocker, Jr., and was acting within the scope of her authority. ■ ■■■ We will hold that such

evidence does not exist and will therefore, among other things, modify the judgment under appeal pursuant to Code of Civil Procedure section 629 by reducing the liability thereunder of the said Guy J. Hocker, Jr., to $15,000. (See *Hauter* v. *Zogarts* (1975) 14 Cal.3d 104, 110 [120 Cal.Rptr. 681, 534 P.2d 377, 74 A.L.R.3d 1282].)[1]

## FACTS

On the evening of July 13, 1973, the aforementioned defendant, Gail Hocker, requested permission from her aforementioned father, Guy, to use the family car that night to transport herself and a friend to a movie. On the way to the movie, with Gail driving negligently, the car was involved in an accident in which plaintiff was injured. At that time Gail was 16 years old, visually handicapped, and had been licensed for five days to drive a car.

The car which Gail borrowed, and which was involved in the aforementioned accident, was owned by her father, Guy. Funds for its purchase had come from the family's earnings. Guy owned a real estate business and used this car regularly in that business. In fact he deducted as a business expense all the mileage driven in that car at the rate of 10 cents per mile from the gross income of his business that he reported to the taxing authorities.

For most of the time the car was in use, it carried on either side removable magnetic signs advertising Guy's real estate business.[2] The record contains no direct evidence that the car was carrying these signs at the time of the accident, but such may be readily inferred from the frequency of their use on all occasions generally except when the car was being driven on an extended family trip. For the purpose of this decision, we assume these signs were on the car at the time of the accident.

---

[1]As noted, the judgment under appeal contains an award of damages against the aforementioned defendant, Patricia L. Hocker, in the amount of $15,000. This award was based solely upon the fact that she signed Gail's application for a driver's license. It was therefore made pursuant to Vehicle Code section 17707. This statutory liability under the circumstances present in this case is limited to a maximum amount of $15,000. (Veh. Code, § 17709, subd. (a).) Furthermore this maximum still holds even though permissive use liability also exists under Vehicle Code section 17708 and ownership liability attaches under Vehicle Code section 17150. (Veh. Code, § 17714; see also *Dow* v. *Britt* (1974) 37 Cal.App.3d 868, 871 [112 Cal.Rptr. 710].)

[2]The car also bore personalized California license plates bearing the Hocker name. We attach no significance to this fact as the use of such plates has become fairly common.

The case was tried to a jury which specially found that at the time of the accident Gail was operating Guy's car as his agent and within the scope of her authority. As we have already noted in part, defendants then moved for a judgment notwithstanding the verdict and for a new trial. Both of these motions were predicated essentially on the claim of a lack of substantial evidence to support the special finding of agency. The trial court denied the motion for judgment notwithstanding the verdict, but granted the motion for new trial pursuant to Code of Civil Procedure section 657, subdivisions 6 and 7. It so acted essentially on its view that substantial evidence did not exist to support the special finding of agency and authority.[3]

## DISCUSSION

■ In the absence of statute, ordinarily a parent is not liable for the torts of his minor child. (See 4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, § 652, p. 2931.) A parent, however, becomes liable for the torts of his minor child if that child in committing a tort is his agent and

---

[3]With respect to subdivision 7, the trial court recited in its minute order that it granted defendants' motion for new trial "Due to insufficiency of evidence, the Court should not have submitted the question of agency to the jury."

In support of its grant of a new trial, pursuant to subdivision 6, the trial court gave the following ten reasons:

"1. Any benefit to the defendant Guy Hocker as a result of having the signs on his car, if in fact they were ever on the car on the evening in question, was negligible and not of sufficient benefit on which to predicate liability based on agency.

"2. The 'Hocker' license plate identification is a common means of vehicle identification in California and of no significance in determining whether Gail Hocker was an agent of Guy Hocker.

"3. The trip taken by Gail Hocker was purely a social venture at night at a time when the signs would have been difficult to observe if they ever, in fact, were on the vehicle.

"4. There is no evidence that Guy Hocker had any interest in the trip; the trip was for the benefit of the daughter.

"5. There is no evidence that, after permission was given, the father, Guy Hocker, was asserting any right of control over the daughter.

"6. There is no evidence that any commercially purposeful event was in fact in the contemplation of the parties.

"7. The daughter, a minor, was not engaged in any task normally performed by the parents. She was out that evening on her own; she had been duly licensed by a licensing authority to operate a vehicle. Therefore, there being no legal duty and without the assertion of any right of control by the parents, no agency exists.

"8. There is no evidence in the record of anyone's believing Gail Hocker was an agent of Guy Hocker at any time by virtue of any act or omission on the part of either Guy Hocker or Gail Hocker.

"9. There is no evidence that any witness ever observed any Hocker Real Estate sign on the car at any time.

"10. There is no evidence that Guy Hocker manifested any intention that defendant Gail Hocker was to operate the vehicle with reference to advertising for him. No control or manner of exposure was ever demonstrated by the evidence."

acting within the child's authority. (See Prosser, Torts (4th ed. 1971) § 123, pp. 871-872.)

In California agency is either actual or ostensible. (Civ. Code, § 2298.) An agency is actual when the agent is really employed by the principal. (Civ. Code, § 2299.) An agency is ostensible when a principal causes a third person to believe another to be his agent, who is really not employed by him. (Civ. Code, § 2300.)

An agent has the authority that the principal, actually or ostensibly, confers upon him. (Civ. Code, § 2315.) Actual authority is the authority the principal intentionally confers upon the agent or allows the agent to believe that he possesses. (Civ. Code, § 2316.) Ostensible authority, on the other hand, is the authority of the agent which the principal causes or allows a third person to believe that the agent possesses. (Civ. Code, § 2317.)

■ Neither actual agency nor actual authority exists in this case. Gail was never employed by Guy in Guy's business and the trip, during which the accident occurred, was entirely a personal trip of Gail's. Gail did not believe that she had any authority to act for Guy with respect to the trip.

We turn therefore to ostensible agency and ostensible authority. ■ In this connection we note first that ordinarily a principal is not liable for physical harm caused by the negligent physical conduct of a nonservant agent even *during the performance of the principal's business.* (See Rest.2d Agency, § 250.) According to Prosser, this is because the principal does not have the right of control over the details of the nonservant agent's conduct. (See Prosser, Torts (4th ed. 1971) § 70, p. 467.)

■ We note secondly that ordinarily a principal is subject to liability only for those torts which result from reliance upon, among other things, conduct within an agent's apparent authority (see Rest.2d Agency, § 265), and that unless one within his apparent authority causes others to act, the existence of apparent authority does not cause a principal to be liable for negligently causing physical harm. (See comment on *id.,* subsection 2.) In this connection we note further that Civil Code section 2334 specifically provides that a principal is bound by the acts of his agent, under merely ostensible authority, only to those persons who have in good faith, and without want of ordinary care, incurred a liability or parted with value, upon the faith thereof.

In this case plaintiff relies upon only two indicia of ostensible agency and ostensible authority. They are: (1) Guy's mileage deduction for income tax purposes; (2) the presence of the signs advertising Guy's business on the Hocker car involved in the accident.

Neither is sufficient as a matter of law to convert this personal trip of Gail's into a business trip of Guy's. The claimed mileage deduction was presumably known only to Guy's accountants and to the taxing authorities. Plaintiff could never therefore have relied upon its existence. (See 1 Witkin, Summary of Cal. Law (8th ed. 1973) Agency and Employment, § 163, p. 761.)

Guy's business may well have received an incidental benefit from the presence of the signs advertising that business on the Hocker car at the time of the accident. But this benefit, at best, was negligible. (Cf. *Gurklies v. General Air Conditioning Corp.* (1949) 91 Cal.App.2d 734, 737-738 [205 P.2d 749].)

Plaintiff did not rely upon these signs to his injury. Apparently they had nothing to do with the causation of the accident that injured him. Under these circumstances there is no basis for an estoppel, and estoppel is the real foundation for both ostensible agency and ostensible authority. (See Witkin, *op cit.*; *Yanchor v. Kagan* (1971) 22 Cal.App.3d 544, 549 [99 Cal.Rptr. 367].) We therefore hold that neither the mileage deduction nor the presence of the advertising signs on the Hocker car at the time of the accident, singly or together, created either ostensible agency or ostensible authority in Gail.

## DISPOSITION

The order granting the new trial as to defendant Guy J. Hocker, Jr., is reversed. The order denying defendant's motion for judgment notwithstanding the verdict, insofar as it applies to him alone, is likewise reversed, and the judgment under cross-appeal is modified by changing the liability of Guy J. Hocker, Jr., and that of Patricia L. Hocker to a joint and several liability in the amount of $15,000. As so modified, the judgment is affirmed. Defendants and appellants to recover their costs on appeal.

Potter, Acting P. J., and Allport, J., concurred.