Filed 2/6/14  In re F.M. CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re F.M., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B244717 (Super. Ct. No. 1317502) (Santa Barbara County) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>F.M.,<br><br>    Defendant and Appellant. | |

Pursuant to a sustained wardship petition, the juvenile court found true allegations that minor F.M. raped an unconscious person (Pen. Code, § 261, subd. (a)(4)) and committed sexual battery (§ Pen. Code, § 243.4, subd. (e)(1)).  (Welf. & Inst. Code, §§ 602, 730.6.)[1]  F.M. was sentenced to juvenile hall for 310 days and was given credit for time served.  In accordance with the terms and conditions of his probation, F.M. entered a group home and attended a sex offender program.  Following a hearing, the court entered a restitution order requiring F.M. to pay $5,032.99 in victim restitution and

---

[1] All further undesignated statutory references are to the Welfare and Institutions Code.

$1,650.96 to the State Victim Compensation Board (VCB). F.M. appeals the restitution order, contending it is unlawful to the extent it requires him to pay restitution to the rape victim's mother for lost wages occasioned by the emotional distress she suffered as a result of the crime, and to reimburse the VCB for payments made to the victim's mother for counseling to treat her distress. He claims the order is unlawful in this regard because the rape victim's mother does not qualify as a "victim" under section 730.6.[2] Appellant's parents also appeal to the extent they are jointly and severally liable for the order under Civil Code section 1714.1. (*In re Jeffrey M.* (2006) 141 Cal.App.4th 1017, 1021.) We affirm.

F.M.'s claim is based on *In re Scott H.* (2012) 209 Cal.App.4th 864 (*Scott H.*), in which the court held that a victim's family members are not entitled to restitution under section 730.6. The day before F.M. filed his opening brief, however, the Supreme Court granted review of the decision and transferred the matter back to the Court of Appeal "'with directions to vacate [the] decision and reconsider the cause in light of article I, section 28 of the California Constitution (as amended by Proposition 9, the Victim's Bill of Rights Act of 2008, known as "Marsy's Law") and *People v. Runyan* (2012) 54 Cal.4th 849, 858–859.'" (*Scott H.,* at p. 518.) Upon reconsideration, the court "interpret[ed] section 730.6 to include family members as victims entitled to restitution based on [appellant's] conduct." (*Id.* at p. 520.) In accordance with this conclusion, the court affirmed the trial court's order awarding restitution to the victim's immediate family members for the cost of mental health services they received to treat the emotional distress they suffered as a result of the defendant's commission of a lewd act upon the victim. (*Id.* at pp. 522-524.)

F.M., like the minor in *Scott H.*, did not contest the restitution order on the grounds asserted here. Because the People defend the award on constitutional grounds, and our resolution of the issue presents a question of law subject to our independent

---

**2** F.M. does not dispute that the restitution order is proper to the extent it requires him to pay $1,347.12 to the rape victim's mother for wages she lost while attending F.M.'s court hearings. (§ 730.6, subd. (h)(4).)

review, we may address the issue even though the parties did not raise it below.  (*Scott H., supra*, 221 Cal.App.4th at p. 520, fn. 3.)

We agree with the result in *Scott H*.  Section 730.6, which governs restitution in juvenile delinquency cases, provides that "a victim of conduct for which a minor is found to be a person described in Section 602 who incurs any economic loss as a result of the minor's conduct shall receive restitution directly from that minor."  (At subd. (a)(1).)  As relevant here, "economic loss [under section 730.6] has been interpreted to include the cost of mental health services provided to the victim as the result of the minor's conduct.  [Citation.]"  (*Scott H., supra*, 221 Cal.App.4th at p. 521.)

Section 730.6 defines "victim" as including "[t]he immediate surviving family of the actual victim."  (At subd. (j).)  No mention is made of family members of a victim who is not deceased.  By contrast, the definition of "victim" under Penal Code section 1202.4, which governs restitution in adult criminal proceedings, expressly includes immediate family members and other derivative victims.[3]  The Legislature added derivative victims to the latter statute in 1999, and further amended the statute in 2004 to specify the individuals who are now listed as derivative victims in subdivision (k)(3).  (*Scott H., supra*, 221 Cal.App.4th at p. 521.)  No such amendments were made to section 730.6.

Notwithstanding the differing statutory language, our state Constitution compels the conclusion that section 730.6, like Penal Code section 1202.4, includes derivative victims like the family members of F.M.'s victim.  "Article I, section 28 of the Constitution, as amended by Proposition 9, the Victim's Bill of Rights of 2008, known as 'Marsy's Law,' provides for a broad spectrum of victim's rights, including restitution.  It

---

[3] The statute identifies "victim" as including "[a] person who has sustained economic loss as the result of a crime and who satisfies any of the following conditions: [¶]  (A) At the time of the crime was the parent, grandparent, sibling, spouse, child, or grandchild of the victim.  [¶]  (B) At the time of the crime was living in the household of the victim.  [¶]  (C) At the time of the crime was a person who had previously lived in the household of the victim for a period of not less than two years in a relationship substantially similar to a relationship listed in subparagraph (A).  [¶]  (D) Is another family member of the victim, including, but not limited to, the victim's fiancé or fiancée, and who witnessed the crime.  [¶]  (E) Is the primary caretaker of a minor victim."  (Pen. Code, § 1202.4, subd. (k)(3).)

3

defines "'victim'" as 'a person who suffers direct or threatened physical, psychological, or financial harm as a result of the commission or attempted commission of a *crime or delinquent act*. The term "victim" also includes the person's spouse, parents, children, siblings, or guardian, and includes a lawful representative of a crime victim who is deceased, a minor, or physically or psychologically incapacitated. The term "victim" does not include a person in custody for an offense, the accused, or a person whom the court finds would not act in the best interests of a minor victim.' (Cal. Const., art. I, § 28, subd. (e), emphasis added.)" (*Scott H., supra*, 221 Cal.App.4th at p. 522.)

"The family members of the victim of [F.M.'s] conduct fall within this constitutional definition of victim, which specifies that it applies to a crime or delinquent act, thus in both criminal and juvenile delinquency proceedings, despite the more restrictive language in section 730.6, subdivision (j). The constitutional language must prevail. To the extent the statutory language conflicts with that in the Constitution, the constitutional provision controls. [Citation.] Moreover, the statutory and constitutional language theoretically can be read in congruence, as section 730.6, subdivision (j), uses the word 'includes' in its definition of victim and thus does not by its express terms exclude the victim's family members from restitution. '"The term 'includes' is ordinarily a word of enlargement and not of limitation." [Citation.]' [Citation.] We, therefore, conclude that, in light of constitutional mandates, derivative victims, like the family members of the victim of [F.M.'s] conduct, fall within the purview of a restitution award under section 730.6." (*Scott H., supra*, 221 Cal.App.4th at p. 522, fn. omitted.) Because the Constitution expressly refers to harm suffered as the result of a "delinquent act" and section 730.6 makes clear that victims in juvenile delinquency cases are entitled to restitution, it is of no moment that the constitutional provision identifying a victim's right to restitution merely refers to victims of "criminal activity." (*Id.* at p. 523, citing Cal. Const. art. I, § 28, subds. (b)(13) & (e).)

We also agree with *Scott H.*'s rejection of the assertion that the inclusion of derivative victims under section 730.6 "conflicts with the protections afforded to minors through juvenile delinquency proceedings by creating 'a sea change in the accessibility

4

and confidentiality of juvenile proceedings.'" (*Scott H., supra*, 221 Cal.App.4th at p. 523.)  Treatment, care, and rehabilitation are the primary goals of the juvenile justice system, yet the court must also "consider the safety and protection of the public, [and] the importance of redressing injuries to victims." (*Ibid.*)  "[A]lthough certain policy considerations seem to favor limiting restitution awards in juvenile delinquency matters to the direct victim, the constitutional provisions support the juvenile court's award of restitution to the family member[] of the direct victim of [F.M.'s] conduct." (*Id.* at p. 524, fn. omitted.)

The restitution order is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:


GILBERT, P. J.


YEGAN, J.


5

Arthur A. Garcia, Judge

Superior Court County of Santa Barbara

_____

Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Linda C. Johnson, Supervising Deputy Attorney General, Michael Katz, Deputy Attorney General, for Plaintiff and Respondent.