Filed 3/6/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| M.E., | 2d Juv. No. B323404 |
| Petitioner, | (Super. Ct. No. 22JV00131) |
| | (Santa Barbara County) |
| v. | |
| THE SUPERIOR COURT OF SANTA BARBARA COUNTY, | |
| Respondent, | |
| THE PEOPLE, | |
| Real Party in Interest. | |

The courts should not abandon common sense when they are called upon to construe a statutory scheme. They must neither add language nor subtract language from the scheme. We follow these percepts and hold that a 26-year-old adult is not amenable to deferred entry of judgment for a minor. Why? Such a person is no longer a minor in juvenile court. The program is designed as a rehabilitative measure for a minor. A person, such as petitioner, is beyond the jurisdiction of the juvenile court. There is no enforcement mechanism if and when he or she is not

compliant with the program.  We should not try to force a square peg into a round hole.

A Welfare and Institutions Code section 602 petition alleges that about 10 years ago, while he was a minor, petitioner committed a lewd act upon a child.[1]  This matter came to the attention of law enforcement only because petitioner voluntarily admitted to the police that he committed the lewd act.  He now seeks relief from the juvenile court's order granting deferred entry of judgment (DEJ).

Petitioner contends that the order must be vacated and the juvenile court's jurisdiction terminated because "he [is] well beyond the maximum age of juvenile court jurisdiction."  We agree and grant the petition.

*Procedural Background*

In January 2022 when petitioner was 25 years old, a section 602 petition was filed against him in Ventura County Juvenile Court.  The petition alleged that, "[o]n or about January 01, 2010 through December 31, 2013," petitioner had committed the felony offense of "lewd act upon a child . . . under the age of fourteen years" in violation of Penal Code section 288, subdivision (a).  (Capitalization omitted.)  Petitioner, consistent with his candid statement to the police, admitted the allegation.  The juvenile court sustained the petition.  It transferred the matter to Santa Barbara County, where petitioner resided.

The Santa Barbara County Probation Department concluded that petitioner was eligible and suitable for deferred entry of judgment "[s]hould the Court determine jurisdiction remains for this now 26 year old."  Petitioner requested that the

---

[1] All undesignated statutory references are to the Welfare and Institutions Code.

Santa Barbara County Superior Court (hereafter the court or the juvenile court) "order that jurisdiction be terminated" because he was too old for the court to retain jurisdiction over him. In July of 2022, the court denied the request and granted deferred entry of judgment. The court stayed implementation to allow petitioner to seek relief in the court of appeal. We issued an order to show cause.

*Deferred Entry of Judgment*

"Under Welfare and Institutions Code section 790 et seq., which govern deferred entry of judgment . . . , first-time juvenile felons may have their charges dismissed and records sealed upon successfully completing probation." (*In re Spencer S.* (2009) 176 Cal.App.4th 1315, 1320.) "'The DEJ provisions . . . were enacted as part of Proposition 21, The Gang Violence and Juvenile Crime Prevention Act of 1998, in March 2000. The sections provide that in lieu of jurisdictional and dispositional hearings, a minor may admit the allegations contained in a section 602 petition and waive time for the pronouncement of judgment. Entry of judgment is deferred. After the successful completion of a term of probation, on the motion of the prosecution and with a positive recommendation from the probation department, the court is required to dismiss the charges. The arrest upon which judgment was deferred is deemed never to have occurred, and any records of the juvenile court proceedings are sealed. [Citations.]'" (*In re R.C.* (2010) 182 Cal.App.4th 1437, 1441.) The only age limit is that the minor must be "at least 14 years of age at the time of the [DEJ] hearing." (§ 790, subd. (a)(5).) The DEJ statutes do not specify a maximum age.

3

"[U]pon any failure of the <u>minor</u> to comply with the terms of probation, including the rules of any program the <u>minor</u> is directed to attend, or any circumstances specified in Section 793, the prosecuting attorney or the probation department, or the court on its own, may make a motion to the court for entry of judgment and the court shall render a finding that the <u>minor</u> is a ward of the court pursuant to Section 602 for the offenses specified in the original petition and shall schedule a dispositional hearing."  (§ 791, subd. (a)(4), underline added.)

*Section 790 Applies to Adults Who Were*
*Minors When They Committed a Felony Offense*

Section 790, subdivision (a) provides, "[T]his article [the DEJ article, §§ 790-795] shall apply whenever a case is before the juvenile court for a determination of whether *a minor* is a person described in Section 602 because of the commission of a felony offense . . . ."  (Italics added.)  Only minors are eligible for deferred entry of judgment.

"The term ['minor'] is not defined in the Welfare and Institutions Code per se.  The Family Code defines 'minor' as traditionally understood, anyone under the age of 18.  (Fam. Code, § 6500.)"  (*In re Jeffrey M.* (2006) 141 Cal.App.4th 1017, 1022.)  To be eligible for deferred entry of judgment, must a person still be a minor at the time of the DEJ hearing?

"'In construing a statute, we seek "'to ascertain the intent of the enacting legislative body so that we may adopt the construction that best effectuates the purpose of the law.'"' [Citations.]  Our analysis starts with the statutory language because it generally indicates legislative intent.  [Citations.] . . . [Citations.]' . . . '[T]he language [of a statute] is construed in the context of the statute as a whole and the overall statutory

4

scheme . . . .' [Citation.]  Thus, when the same word appears in different places within a statutory scheme, courts generally presume the Legislature intended the word to have the same meaning each time it is used.  [Citations.]" (*People v. Gray* (2014) 58 Cal.4th 901, 906.)

Section 790 and section 602 are part of the same statutory scheme.  Section 790, subdivision (a) expressly refers to section 602.  Section 602, subdivision (a) provides that "any *minor* who is between 12 years of age and 17 years of age . . . when he or she violates any law of this state . . . is within the jurisdiction of the juvenile court . . . ."  (Italics added.)  A minor under the age of 12 when he or she committed an offense falls within the jurisdiction of the juvenile court only if the minor is alleged to have committed specified serious felony offenses.  (§ 602, subd. (b).)  Thus, within the meaning of section 602, a minor is anyone under the age of 18 years at the time of the commission of the offense.

Section 790, subdivision (a) "puts the operative date [for determining whether a person is a minor] at the date of the offense by direct reference to section 602." (*In re Jeffrey M.*, *supra*, 141 Cal.App.4th at p. 1025.)  Eligibility for DEJ "is tied directly to jurisdiction of the juvenile court as defined by section 602, i.e., a person under 18 years of age at the time of the offense." (*Ibid*.)  Accordingly, an adult may be technically eligible for DEJ if he or she was under the age of 18 at the time of the commission of the felony offense.  This, however, does not provide an answer to the instant writ petition.

*The Juvenile Court Lacked Jurisdiction*
*To Grant Deferred Entry of Judgment*

"A 'juvenile court' is a superior court exercising limited jurisdiction arising under juvenile law." (*In re Chantal S.* (1996)

13 Cal.4th 196, 200.) "Because the juvenile court's jurisdiction is based on age at the time of the violation of a criminal law or ordinance, '[i]t is therefore possible that a person might commit a murder at age 17, be apprehended 50 years later, and find himself subject to juvenile court jurisdiction at age 67.'" (*People v. Ramirez* (2019) 35 Cal.App.5th 55, 66 (*Ramirez*).) Such jurisdiction is referred to as "'initial' jurisdiction." (*Ibid.*)

"Once the juvenile court has 'initial' jurisdiction, it may retain jurisdiction over a ward until he or she turns 21 years old (§ 607, subd. (a)) . . . ." (*Ramirez*, *supra*, 35 Cal.App.5th at p. 66.) If a person has committed one of the serious offenses listed in subdivision (b) of section 707, the retention of jurisdiction may be extended until the age of 23 or 25 years depending upon the maximum sentence for the offense in a criminal court. (§ 607, subds. (b), (c).)[2] Petitioner's offense – a violation of Penal Code

_____

[2] Effective June 30, 2022, subdivisions (b) and (c) were amended by Assembly Bill No. 200 (2021-2022 Reg. Sess.) (Stats. 2022, ch. 58, § 38). The amendment became effective before the juvenile court granted DEJ on July 29, 2022. As amended, the subdivisions currently provide: "(b) The court may retain jurisdiction over a person who is found to be a person described in Section 602 by reason of the commission of an offense listed in subdivision (b) of Section 707, until that person attains 23 years of age, or two years from the date of commitment to a secure youth treatment facility pursuant to Section 875, whichever occurs later, subject to the provisions of subdivision (c). [¶] (c) The court may retain jurisdiction over a person who is found to be a person described in Section 602 by reason of the commission of an offense listed in subdivision (b) of Section 707 until that person attains 25 years of age, or two years from the date of commitment to a secure youth treatment facility pursuant to Section 875, whichever occurs later, if the person, at the time

6

section 288, subdivision (a) – is not listed in subdivision (b) of section 707.  Therefore, the juvenile court could retain jurisdiction over him only until his 21st birthday.

The People claim that petitioner is eligible for deferred entry of judgment because he meets all of the seven criteria for DEJ eligibility.  (§ 790, subd. (a)(1)-(7).)  The People correctly observe that "section 790 makes no reference to an upper age limit."  They argue, "Had the legislature intended to impose an upper age limit on individuals placed on deferred entry of judgment by the juvenile court, [it] could certainly have added an eighth eligibility criterion or otherwise incorporated the age limits from section 607."

There was no need for the legislature to include such an eighth eligibility criterion.  Its inclusion would have been an idle act.  As a matter of law, a juvenile court's grant of deferred entry of judgment is void if it does not have jurisdiction over the person because of his age.  (See *Doe v. Regents of University of California* (2022) 80 Cal.App.5th 282, 295 ["'A judgment is void if the court rendering it lacked subject matter jurisdiction or jurisdiction over the parties"]; *In re David C.* (2020) 53 Cal.App.5th 514, 521 [because "the juvenile court lost its continuing jurisdiction over minor at that point," "any and all [subsequent] actions taken by the juvenile court . . . that were based on the original petition . . . were void for lack of jurisdiction"].)

*The Juvenile Court Cannot Retain Jurisdiction over*
*Petitioner Pursuant to Section 607, Subdivision (h)(2)*

The People contended below that if the court declares petitioner a ward and commits him to "an authorized facility," it

---

of adjudication of a crime or crimes, would, in criminal court, have faced an aggregate sentence of seven years or more."

7

"*can retain jurisdiction*" over him "for a two-year period of control," irrespective of his age, pursuant to section 607, subdivision (h)(2). (Italics added.) Subdivision (h)(2) provides: "A person who, at the time of adjudication of a crime or crimes, would, in criminal court, have faced an aggregate sentence of seven years or more, shall be *discharged* [from the juvenile court's jurisdiction] upon the expiration of a two-year period of control, or when the person attains 25 years of age, whichever occurs later . . . ." (Italics added.) The People argued, "[A] plain reading of the statute clearly allows for a Subject, who meets the seven-year qualification, to stay under juvenile jurisdiction for two years, or until he reaches 25, whichever is later." The People asserted that petitioner "meets the [aggregate] seven-year [sentence] qualification" because the charged violation of Penal Code section 288, subdivision (a) is punishable in criminal court by imprisonment for up to eight years.

According to the People's theory regarding section 607, we should not terminate the juvenile court's jurisdiction because instead of granting DEJ, the court could declare petitioner a ward, commit him to an authorized facility, and thereby retain jurisdiction over him for a two-year period of control pursuant to section 607, subdivision (h)(2). But the court decided not to declare petitioner a ward. And, it did not commit him to an authorized facility.

We construe section 607, subdivision (h)(2) as applying to the discharge from the juvenile court's jurisdiction after the court has retained jurisdiction over a minor pursuant to subdivisions (a) through (c). Pursuant to section 607, subdivision (a), the juvenile court lacked jurisdiction over petitioner because he was over the age of 21 years.

8

*Conclusion*

Common sense compels the conclusion that petitioner is just too old to be "treated" as a "minor" and the section 602 petition must be dismissed. Any action other than a dismissal would be void. (*In re David C.*, *supra*, 53 Cal.App.5th at p. 521.) We do not lightly so conclude. Lewd act with a child is a very serious felony offense. Nevertheless, if the deferred entry of judgment were upheld and petitioner performed unsatisfactorily, the court's sole recourse would be to "lift the deferred entry of judgment[, declare petitioner a ward of the court,] and schedule a dispositional hearing." (§ 793, subd. (a); see also § 791, subd. (a)(3).) But because of petitioner's age, the court would be without jurisdiction to declare him a ward and conduct a dispositional hearing. It makes no sense for a juvenile court to grant deferred entry of judgment if the terms of probation are unenforceable.

*Disposition*

The order to show cause is vacated. Let a peremptory writ of mandate issue directing the Superior Court of Santa Barbara County to vacate its order granting petitioner deferred entry of judgment and to dismiss the section 602 petition.

CERTIFIED FOR PUBLICATION.


                                    YEGAN, J.

We concur:


     GILBERT, P. J.                    BALTODANO, J.

9

Gustavo E. Lavayen, Judge

Superior Court County of Santa Barbara

_____

Tracy Macuga, Public Defender, Sara Elturk, Laura Arnold, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Joyce E. Dudley, District Attorney, Marguerite Clipper Charles, Snr. Deputy District Attorney, for Real Party in Interest.