[No. A123675. First Dist., Div. Four. Mar. 19, 2010.]

In re R.C., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
R.C., Defendant and Appellant.

COUNSEL

Jenny Huang, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Martin S. Kaye and Jeffrey M. Bryant, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

RIVERA, J.—R.C. (Minor) appeals an order declaring him a ward of the court. He contends the juvenile court failed to exercise its discretion to determine whether he was suitable for deferred entry of judgment (DEJ). (Welf. & Inst. Code,[1] § 790 et seq.) We affirm.

## I. BACKGROUND

The Alameda County District Attorney filed a petition pursuant to section 602 on June 27, 2008, alleging Minor had committed felony vandalism (Pen. Code, § 594, subd. (b)(1)). On the same date, the district attorney filed a "Determination of Eligibility, Deferred Entry of Judgment—Juvenile" statement, indicating that Minor was eligible for DEJ.

Minor's counsel told the Alameda County Juvenile Court at a July 14, 2008, hearing that he had conferred with the district attorney and had reached a tentative settlement. He asked for a 30-day continuance to allow time to determine the amount of restitution that would be required, and the court granted the request. At a hearing on August 14, 2008, the juvenile court granted the request of Minor's counsel for a further continuance to allow time for investigation. On September 5, 2008, Minor's counsel indicated the matter should be set for a jurisdictional hearing.

Minor admitted a misdemeanor violation of Penal Code section 594 on September 30, 2008. The court found that Minor had committed misdemeanor vandalism and that he was a person described by Welfare and Institutions Code section 602. The matter was then transferred to Contra Costa County, where Minor's mother lived. The Contra Costa County Juvenile Court adjudged Minor a ward of the court and imposed various conditions of probation.

## II. DISCUSSION

Minor's sole contention on appeal is that the juvenile courts of Alameda and Contra Costa Counties failed to exercise their discretion to determine

[1] All undesignated statutory references are to the Welfare and Institutions Code.

whether he was suitable for DEJ. Central to our analysis of this issue is the fact that although Minor was initially alleged to have committed a *felony* offense, he admitted only a *misdemeanor*.

"The DEJ provisions of section 790 et seq. were enacted as part of Proposition 21, The Gang Violence and Juvenile Crime Prevention Act of 1998, in March 2000. The sections provide that in lieu of jurisdictional and dispositional hearings, a minor may admit the allegations contained in a section 602 petition and waive time for the pronouncement of judgment. Entry of judgment is deferred. After the successful completion of a term of probation, on the motion of the prosecution and with a positive recommendation from the probation department, the court is required to dismiss the charges. The arrest upon which judgment was deferred is deemed never to have occurred, and any records of the juvenile court proceeding are sealed. (§§ 791, subd. (a)(3), 793, subd. (c).)" (*Martha C. v. Superior Court* (2003) 108 Cal.App.4th 556, 558 [133 Cal.Rptr.2d 544].) The DEJ provisions apply "whenever a case is before the juvenile court for a determination of whether a minor is a person described in Section 602 because of the commission of a *felony* offense," if certain conditions apply. (§ 790, subd. (a), italics added.)

The question of whether a minor who is eligible for DEJ is also *suitable* for DEJ rests within the juvenile court's discretion. (*In re Sergio R.* (2003) 106 Cal.App.4th 597, 606 [131 Cal.Rptr.2d 160].) Under section 790, the prosecuting attorney is required to determine whether the minor is eligible for DEJ; if the court finds the minor is also suitable for DEJ and would benefit from education, treatment, and rehabilitation efforts, it may grant DEJ. (§ 790, subd. (b); see also Cal. Rules of Court, rule 5.800.)

Minor contends the juvenile courts failed to exercise their discretion to grant him DEJ. He relies primarily upon *In re Luis B.* (2006) 142 Cal.App.4th 1117 [48 Cal.Rptr.3d 581] (*Luis B.*). There, our colleagues in Division One of the First Appellate District discussed the need for the juvenile court to exercise its discretion to determine whether a minor is suitable for DEJ. The juvenile court there found after a contested jurisdictional hearing that the minor had committed certain offenses, including a felony. (*Id.* at p. 1120.) The district attorney failed to determine whether the minor was eligible for DEJ and provide notice, and the juvenile court did not conduct an inquiry into his suitability. (*Id.* at p. 1123.) The court concluded— and the Attorney General conceded—that failure to consider the minor for DEJ was error. (*Id.* at p. 1121.) In reaching this conclusion, the court noted that the trial court has ultimate discretion to rule on the suitability of the minor for DEJ, and stated: "The court may grant DEJ to the minor summarily under appropriate circumstances [citation], and if not must conduct a hearing at which 'the court *shall* consider the declaration of the prosecuting attorney,

any report and recommendations from the probation department, and any other relevant material provided by the child or other interested parties.' [Citation.] While the court retains discretion to deny DEJ to an eligible minor, the duty of the prosecuting attorney to assess the eligibility of the minor for DEJ and furnish notice with the petition is mandatory, as is the duty of the juvenile court to either summarily grant DEJ or examine the record, conduct a hearing, and make 'the final determination regarding education, treatment, and rehabilitation . . . .' [Citations.] . . . The court is not required to ultimately grant DEJ, but is required to at least follow specified procedures and exercise discretion to reach a final determination once the mandatory threshold eligibility determination is made. [Citation.]" (*Luis B., supra,* 142 Cal.App.4th at p. 1123.)[2]

The Attorney General disputes the applicability of the rule of *Luis B.* to this case, contending that Minor's actions indicated he was not interested in admitting the charges as alleged; that the juvenile court was not required to grant DEJ or order a suitability hearing before Minor admitted the charges; and that once Minor had made his admission, no DEJ suitability determination was necessary because Minor admitted to the commission of a misdemeanor, not a felony, and thus fell outside the terms of the DEJ statutory scheme.

■ The limitation of the DEJ law to cases involving felony offenses was recently discussed in *In re Spencer S.* (2009) 176 Cal.App.4th 1315 [98 Cal.Rptr.3d 477] (*Spencer S.*). The minor there was alleged to have committed misdemeanor offenses, and the allegations were found true. On appeal, he contended he had been deprived of equal protection because he was denied the benefits available to juvenile felons. (*Id.* at pp. 1320–1321.) The Court of Appeal rejected this contention. In doing so, it noted that the voters' stated purposes in adopting the DEJ law included the intention to focus greater resources on first-time nonviolent felons with potential for rehabilitation, who would be required to " 'appear in court, admit guilt for their offenses, and be held accountable, but also be given a non-custodial opportunity to demonstrate through good conduct and compliance with a court-monitored treatment and supervision program that the record of the juvenile's offense should justly

---

[2] *Luis B.* has been distinguished in cases where a minor whom a prosecutor has found eligible for DEJ denies the allegations against him and requests a contested jurisdictional hearing. Thus, in *In re Kenneth J.* (2008) 158 Cal.App.4th 973, 976, 979–980 [70 Cal.Rptr.3d 352], the Court of Appeal concluded the juvenile court was not required to hold a hearing on a minor's suitability for DEJ where the minor had been advised of his DEJ eligibility, but did not admit the charges in the petition and insisted on a jurisdictional hearing to contest the charges. The court distinguished *Luis B.* on the ground that the prosecuting attorney in *Kenneth J.* had satisfied the initial statutory obligation to consider DEJ, and that the actions of Kenneth J. were "tantamount to a rejection of DEJ." (*Kenneth J.,* at p. 980; accord, *In re Usef S.* (2008) 160 Cal.App.4th 276, 285–286 & fn. 3 [72 Cal.Rptr.3d 612].)

be expunged.' (Voter Information Guide, Primary Elec. (Mar. 7, 2000) text of Prop. 21, § 2, subd. (j), p. 119.)" (*Spencer S., supra,* 176 Cal.App.4th at p. 1327.) The court went on to explain that Proposition 21 also established tougher treatment for juvenile felons: "[I]n the aftermath of Proposition 21, informal probation pursuant to programs of supervision is generally unauthorized for juvenile felons aged 14 and older. (§ 654.3, subd. (h).) A juvenile felon's complete criminal history is reported to the Department of Justice . . . . (§ 602.5.) And, subject to age restrictions, a juvenile charged with a felony, who has already suffered two prior felony findings, is presumed unfit for juvenile court jurisdiction, a presumption that may only be overcome with evidence. (§ 707, subd. (a)(2).)" (*Spencer S., supra,* 176 Cal.App.4th at p. 1328.) The court concluded, "the DEJ law's exclusion of juvenile misdemeanants from its benefits" was justified because of the "severe consequences otherwise applicable to [juvenile felons]," as well as the facts that juvenile misdemeanants were less likely to clog the courts and were eligible for records sealing under several other statutes. (*Id.* at pp. 1328–1329.)

■ The parties have drawn our attention to no case precisely on point with the one before us now—that is, where a minor was initially alleged to have committed a felony, the district attorney determined he was eligible for DEJ, and the minor ultimately admitted a misdemeanor violation—and our own research has disclosed none. Moreover, as has been noted elsewhere, "[t]he statutes creating [the DEJ] procedure are not a model of clarity . . . ." (*In re Mario C.* (2004) 124 Cal.App.4th 1303, 1308 [21 Cal.Rptr.3d 891].) However, the principles of the authorities we have discussed, as well as the purposes of the DEJ law, lead us to conclude that the juvenile court was not obligated to determine Minor's suitability for DEJ under the circumstances of this case. The district attorney fulfilled the initial obligation to determine whether Minor was eligible for DEJ.[3] As Minor acknowledges, the statutory scheme does not appear to contemplate that the juvenile court will make a suitability determination unless the minor admits the offense charged. (See § 791, subd. (b) [juvenile court may summarily grant DEJ if minor admits charges in petition].) Here, Minor did not either admit or indicate his willingness to admit the felony offense charged, but rather admitted a misdemeanor offense. At that point, the case was no longer "before the juvenile court for a determination of whether a minor [was] a person described in Section 602 because of the commission of a felony offense" (§ 790, subd. (a)), and the DEJ procedures were no longer applicable (see *Spencer S., supra,* 176 Cal.App.4th at pp. 1324–1327). Thus, the juvenile court had no occasion to exercise its discretion to determine whether Minor was suitable for DEJ.

---

[3] Minor does not contend the notice he received did not meet the statutory standards.

## III.  DISPOSITION

The order appealed from is affirmed.

Ruvolo, P. J., and Reardon, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 14, 2010, S182315.