Filed 5/27/15  In re R.B. CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re R.B., a Person Coming Under the Juvenile Court Law. | B255002 (Los Angeles County Super. Ct. No. VJ43802) |
| THE PEOPLE, Plaintiff and Respondent, v. R.B., Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Fumiko Hachiya Wasserman, Judge.  Affirmed.

Tonja R. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Deputy Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, and Analee J. Brodie, Deputy Attorney General, for Plaintiff and Respondent.

————————————

A minor argues the juvenile court abused its discretion when it found him unsuitable for deferred entry of judgment (DEJ) and instead declared him a ward of the court. We find no error and affirm.

## FACTUAL BACKGROUND

On the afternoon of September 23, 2013, a high school security officer found appellant R.B. crouched behind a car in the school parking lot around 2:00 p.m., when appellant was supposed to be in class. The security officer escorted appellant to the vice principal's office where appellant's backpack was searched. A knife with a four-inch blade was found inside the backpack.

## PROCEDURAL BACKGROUND

A Welfare and Institutions Code section 602[1] wardship petition filed on December 5, 2013, alleged that appellant possessed a knife on school grounds in violation of Penal Code section 626.10, subdivision (a)(1), a felony. Appellant denied the allegation.

The juvenile court denied appellant's motion to suppress the knife recovered from his backpack. Appellant requested that the court reduce the alleged offense to a misdemeanor. The court granted that request and appellant admitted the truth of the allegation. The matter proceeded to disposition and the court sustained the petition. The court found appellant suitable for DEJ, pursuant to section 725. Nevertheless, the court declined to order DEJ and declared appellant a ward of the court under section 602[2] and ordered him placed home on probation.

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

[2] In pertinent part, section 602, subdivision (a) states: "[A]ny person who is under 18 years of age when he or she violates any law of this state or of the United States or any ordinance of any city or county of this state defining crime other than an ordinance establishing a curfew based solely on age, is within the jurisdiction of the juvenile court, which may adjudge such person to be a ward of the court."

## DISCUSSION

Appellant maintains that once the juvenile court reduced the allegation to a misdemeanor, it should have imposed a nonwardship probation under section 725, subdivision (a), instead of declaring him a ward of the court and ordering him home on probation. We conclude otherwise.

We review a juvenile court's commitment decision for abuse of discretion, indulging all reasonable inferences to support the decision. It is the juvenile court's duty to determine the most appropriate placement for the minor. (*In re Robert H.* (2002) 96 Cal.App.4th 1317, 1329–1330; *In re Angela M.* (2003) 111 Cal.App.4th 1392, 1396.) Under this standard, we """"indulge all reasonable inferences to support the decision of the court and will not disturb its factual findings when there is substantial evidence to support them."""" (*In re Robert H.*, at p. 1330; *In re Khamphouy S.* (1993) 12 Cal.App.4th 1130, 1135 [juvenile court determination will be reversed only if court acted beyond the scope of reason].)

Section 725 states that:

"After receiving and considering the evidence on the proper disposition of the case, the court may enter judgment as follows:

"(a) If the court has found that the minor is a person described by Section . . . 602, by reason of the commission of an offense other than any of the offenses set forth in Section 654.3, it may, without adjudging the minor a ward of the court, place the minor on probation, under the supervision of the probation officer, for a period not to exceed six months . . . . If the minor fails to comply with the conditions of probation imposed, the court may order and adjudge the minor to be a ward of the court.

"(b) If the court has found that the minor is a person described by Section . . . 602, it may order and adjudge the minor to be a ward of the court."

3

It is undisputed that appellant was both eligible and suitable for DEJ under section 790.[3]  Appellant argues the juvenile court abused its discretion in declaring him a ward of the court under section 602 and placing him on probation because numerous positive circumstances weigh in favor of nonwardship probation.  Namely, he was 17 years old at the time of this, his first and only criminal offense; his crime was minor and nonviolent; he admitted that he simply "fail[ed] to think before he act[ed]"; he does not use drugs and is not involved in gang activity; his family actively supports him; he has good grades notwithstanding his learning disability; and several teachers wrote letters on his behalf to the court.  The probation report acknowledged these positive factors and recommended that appellant be "placed on 790 DEJ grant of probation."

The juvenile court did not specify the positive or negative factors that impacted its decision.  Nevertheless, we conclude the court reasonably could have been concerned by negative aspects of appellant's case.  For example, in urging the court not to reduce the

---

[3] A minor is eligible for DEJ under section 790, subdivision (a) if all the following circumstances exist:

"(1)  The minor has not previously been declared to be a ward of the court for the commission of a felony offense.

"(2)  The offense charged is not one of the offenses enumerated in subdivision (b) of Section 707.

"(3)  The minor has not previously been committed to the custody of the Department of Corrections and Rehabilitation, Division of Juvenile Facilities.

"(4)  The minor's record does not indicate that probation has ever been revoked without being completed.

"(5)  The minor is at least 14 years of age at the time of the hearing.

"(6)  The minor is eligible for probation pursuant to Section 1203.06 of the Penal Code.

"(7)  The offense charged is not rape, sodomy, oral copulation, or an act of sexual penetration specified in Section 289 of the Penal Code when the victim was prevented from resisting . . . , or when the victim was at the time incapable . . . of giving consent, and that was known or reasonably should have been known to the minor at the time of the offense."

4

alleged offense to a misdemeanor, the district attorney argued that appellant appeared to lack "remorse and a willingness to admit the offense." Further, as evidenced in the probation report, appellant made contradictory representations about why he took the knife to school in the first place. At one point he claimed to "use[] the knife for protection,"—which, by implication, meant he carried it regularly and was prepared to wield it defensively, if necessary. Later, he contradicted that statement, saying he had mistakenly left the knife in his backpack after a camping trip. Appellant also conceded that "not thinking ha[d] gotten him in trouble" on more than one occasion, and said his "plan" for the future was to "think before he act[ed]."

On this factual record, we cannot conclude the court's implicit conclusion that appellant was unsuitable for DEJ was an abuse of discretion. Based on apparent contradictions in appellant's statements and his youthful impetuosity, the court could reasonably conclude he would benefit from more restrictive measures than are afforded under DEJ and a longer period of supervision than the maximum of six months available for a nonwardship DEJ probation under section 725, subdivision (a). After all, "[t]he purpose of the juvenile court is to protect both the minor under its jurisdiction and the public . . . . [Citations.] Central to the juvenile court's mission are the care, treatment, guidance, and rehabilitation of the delinquent juvenile. [Citation.]" (*In re Walter P.* (2009) 170 Cal.App.4th 95, 99, fn. omitted.) The question of whether a minor deemed eligible for DEJ is also suitable for DEJ rests within the juvenile court's discretion. (*In re R.C.* (2010) 182 Cal.App.4th 1437, 1441 [after prosecution determines "minor is eligible for DEJ[, and] court finds . . . minor [both] suitable for DEJ and [will] benefit from education, treatment, and rehabilitation efforts, it may grant DEJ"].)

While another court might have found otherwise on this record, we cannot conclude that the juvenile court abused its discretion in denying DEJ and declaring appellant a ward of the court. The trial court retains the ultimate discretion in deciding whether it is appropriate to grant DEJ to an eligible minor. (*In re Sergio R.* (2003) 106 Cal.App.4th 597, 603; § 602, subd. (a).) Even if the prosecuting attorney finds the minor eligible for DEJ and the probation department finds the minor suitable, the court's

5

disposition is based on its independent determination. (*In re Sergio R.*, at p. 604; Cal. Rules of Court, rule 5.800.)

We also find that the juvenile court considered the circumstances that may have mitigated appellant's conduct. These circumstances were contained in his probation report and/or were brought to the court's attention by appellant's counsel. The court considered them; it just did not find them persuasive. "'Sentencing courts have wide discretion in weighing aggravating and mitigating factors [citations], and may balance them against each other in qualitative as well as quantitative terms.' [Citation.] One factor alone may warrant imposition of the upper term [citation] and the trial court need not state reasons for minimizing or disregarding circumstances in mitigation [citation]." (*People v. Lamb* (1988) 206 Cal.App.3d 397, 401.) These principles are equally applicable to a juvenile court's decision whether to grant a juvenile DEJ. Thus, we reject any contention that the court abused its discretion in denying DEJ because mitigating circumstances may outnumber aggravating circumstances.

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.


JOHNSON, J.


We concur:


ROTHSCHILD, P. J.


CHANEY, J.

6