Filed 10/7/20  In re J.C. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re J.C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>J.C.,<br><br>Defendant and Appellant. | F079842<br><br>(Super. Ct. No. 19JL-00026-A)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Merced County.  John D. Kirihara, Judge.

Michelle T. LiVecchi-Raufi, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Lewis A. Martinez and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Franson, Acting P.J., Snauffer, J. and DeSantos, J.

A Welfare and Institutions Code[1] section 602 petition was sustained as to minor J.C. after he admitted to commission of misdemeanor vandalism. At the disposition hearing, minor was placed on probation. Minor contends the order must be conditionally reversed because the juvenile court failed to conduct a hearing to determine his suitability for deferred entry of judgment (DEJ) (§ 790 et seq.). He also challenges the constitutionality of conditions of his probation requiring him to submit to a search of his cell phone, and prohibiting him from being in a privately owned vehicle with anyone under 18 years of age except under certain conditions.

We conclude the juvenile court did not err in failing to conduct a hearing regarding minor's suitability for DEJ. We also conclude his challenges to the probation conditions are moot because minor's probationary term has expired, and we decline to exercise our discretion to address those challenges on the merits. Accordingly, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

On February 25, 2019, the People filed a petition pursuant to section 602, alleging minor had committed one count of misdemeanor vandalism by inscribing material on a park table (Pen. Code, § 594, subd. (a)), with a gang enhancement elevating the offense to a felony (Pen. Code, § 186.22, subd. (d)), and one count of felony active participation in a criminal street gang (Pen. Code, § 186.22, subd. (a)). The allegations arose out of an October 13, 2018 incident in which a Merced County Sheriff's deputy observed minor appearing to tag a park bench in the City of Winton, in an area known to be a gathering place for members of the Winton Varrio Parque gang. The deputy observed "WVP" markings on the bench and a fence. A patdown search of minor revealed a Sharpie

---

[1]     Subsequent statutory references are to the Welfare and Institutions Code, unless otherwise noted.

2.

marker in his rear pocket.  Minor stated he was tagging the bench because he was bored and had a marker.**2**

Also on February 25, 2019, the People filed a standard form JV-750, indicating minor was eligible for DEJ.  The assigned deputy district attorney did not check a box on the form to indicate the citation and written notification for DEJ, form JV-751, was attached.  However, a JV-751 form was also filed on February 25, 2019, addressed to minor's mother, and ordering minor to appear at a March 18, 2019 hearing for the court to determine whether to grant DEJ.**3**  A separate notice of hearing for formal reading of the petition, advisement of rights, and minor's plea also was filed on February 25, 2019, also with a hearing date of March 18, 2019.  A proof of service was filed on February 25, 2019, indicating the petition, notice of hearing, and "DEJ Citation" were served on minor and his mother by mail on February 25, 2019.**4**  However, the proof of service was not signed.

Minor and his mother appeared at the March 18, 2019 hearing.  The court found notice was given as required by law.  The court appointed the public defender to represent minor and advised minor of his constitutional rights.  Minor entered a denial of

---

**2**      These facts are taken from the probation report.

**3**      Minor's appellate counsel incorrectly asserts the forms did not show a hearing date for this determination.

**4**      In the opening brief, minor's appellate counsel states the proof of service indicates the notification was served on minor and his mother by personal service on March 18, 2019.  In the reply brief, appellate counsel contends minor and his mother were never served with the notification.  The introductory paragraph of the unsigned proof of service form states:  "I served a copy of the Petition, Notice of Hearing DEJ Citation *(name of document)* on 3-18-19 *(hearing date, if applicable)* on the following persons or entities" by one of a number of means.  Below the introductory paragraph, the proof of service states minor and his mother were served by mail at their residential address on February 25, 2019, and the public defender, district attorney, and probation officer were served by e-mail on the same date.  The sole reference to March 18, 2019, in the proof of service is contained in the space on the form reserved for the hearing date, not the date of service.

all charges and the parties were ordered to return on April 16, 2019. The court did not mention the People's DEJ determination.

Thereafter, the matter came on for hearing on April 16, 2019, May 2, 2019, May 30, 2019, June 18, 2019, and July 2, 2019. Each time, the matter was continued at the request of minor's counsel.

On July 16, 2019, minor's counsel filed a motion to suppress evidence and statements, and asked that the matter be continued for further investigation.

On July 30, 2019, minor's counsel withdrew the suppression motion, and minor entered a plea to the misdemeanor vandalism offense alleged in count 1 of the petition. The People dismissed the gang enhancement to count 1, and the substantive gang offense alleged in count 2 of the petition.

At a disposition hearing on August 22, 2019, the juvenile court placed minor on probation for six months.

It is undisputed that DEJ was not discussed during any of the hearings in this matter.

## DISCUSSION

### I.    DEJ Commitment

Minor contends the juvenile court reversibly erred by failing to conduct a hearing to determine his suitability for the DEJ program, and the matter therefore must be conditionally reversed and remanded for the juvenile court to determine his suitability for DEJ. We disagree.

DEJ is a program that was enacted as part of The Gang Violence and Juvenile Crime Prevention Act of 1998, which "provide[s] that in lieu of jurisdictional and dispositional hearings, a minor may admit the allegations contained in a section 602 petition and waive time for the pronouncement of judgment. Entry of judgment is deferred. After the successful completion of a term of probation, on the motion of the prosecution and with a positive recommendation from the probation department, the court

4.

is required to dismiss the charges. The arrest upon which judgment was deferred is deemed never to have occurred, and any records of the juvenile court proceeding are sealed. (§§ 791, subd. (a)(3), 793, subd. (c).)" (*Martha C. v. Superior Court* (2003) 108 Cal.App.4th 556, 558.)

"To come within the DEJ law's ambit, a minor must be a first-time felony offender charged with a crime not listed in section 707, subdivision (b) (serious or violent offenses creating presumption of unfitness for juvenile jurisdiction) or Penal Code section 1203.06 (crimes rendering offender ineligible for probation). (§ 790, subd. (a).) If a minor meets the eligibility requirements for DEJ, the prosecuting attorney must provide notice thereof to the minor and the trial court must 'conduct the necessary inquiry and exercise discretion to determine whether' the minor is suitable for DEJ. [Citation.] A court may deny DEJ to a minor otherwise eligible if it deems the minor unsuitable for rehabilitation." (*In re Spencer S.* (2009) 176 Cal.App.4th 1315, 1324, fn. omitted (*Spencer S.*).)

We find instructive the case of *In re R.C.* (2010) 182 Cal.App.4th 1437, 1440 (*R.C.*), wherein the district attorney filed a section 602 petition alleging the minor had committed felony vandalism, and separately determined the minor was eligible for DEJ. At a subsequent hearing, the minor's counsel advised the court the parties had reached a tentative settlement, and the matter was continued several times before being set for a jurisdictional hearing. (*Ibid.*) Eventually, the minor admitted to misdemeanor vandalism; the court found the minor had committed the misdemeanor and exercised jurisdiction over the minor on that ground. Thereafter, the minor was adjudged a ward of the court and placed on probation. (*Ibid.*)

On appeal, the minor argued the juvenile court erred in failing to exercise its discretion to determine whether he was suitable for DEJ. (*R.C.*, *supra*, 182 Cal.App.4th at pp. 1440–1441.) The court of appeal found no error, explaining that the "statutory scheme does not appear to contemplate that the juvenile court will make a suitability

5.

determination unless the minor admits the offense charged." (*Id.* at p. 1443.) Because the minor had not admitted, or expressed his willingness to admit, the charged felony but instead admitted a misdemeanor, the juvenile court had no occasion to determine whether the minor was suitable for DEJ. (*Ibid.*) Rather, "[a]t that point, the case was no longer 'before the juvenile court for a determination of whether a minor [was] a person described in Section 602 because of the commission of a felony offense' (§ 790, subd. (a)), and the DEJ procedures were no longer applicable." (*Ibid.*, citing *Spencer S.*, *supra*, 176 Cal.App.4th at pp. 1324–1327.)

We conclude that this case is governed by *R.C.*, *supra*, 182 Cal.App.4th 1437. As our factual summary reflects, the original section 602 petition charged minor with felony allegations that raised the possibility of DEJ. (§ 790, subd. (a).) The record does not suggest minor at any point expressed an inclination to admit the felonies alleged in the section 602 petition. To the contrary, he denied the allegations of the petition until he ultimately admitted commission of a misdemeanor. At that time, the felony allegations were dismissed and DEJ was no longer an available option for minor. The DEJ procedures accordingly became inapplicable. (See *Spencer S.*, *supra*, 176 Cal.App.4th at pp. 1328–1329 [holding that the "DEJ law's exclusion of juvenile misdemeanants from its benefits" does not violate equal protection].) Because the juvenile court did not exercise jurisdiction over minor based on a finding that he committed a felony, no remand for a DEJ suitability hearing is warranted. (*R.C.*, *supra*, 182 Cal.App.4th at p. 1443.)

Minor contends *R.C.* is distinguishable because minor "was never noticed of his eligibility for DEJ"[5] as required by law (§ 792; Cal. Rules of Court, rule 5.800(c)), and the juvenile court failed to fulfil its "mandatory duty to make certain that appellant had

---

[5]     As we have noted, minor initially asserted minor and his parent were personally served with the notification on the date of the hearing. However, in his reply brief, minor contends he was never served with the notification.

been noticed of his DEJ eligibility." Minor contends the jurisdiction and disposition orders therefore must be conditionally reversed pending completion of a DEJ suitability hearing, relying on *In re Luis B.* (2006) 142 Cal.App.4th 1117 [remanding for DEJ consideration where the prosecutor failed to determine eligibility for DEJ or provide notice, the juvenile court failed to conduct DEJ inquiry, and the minor was found to have committed felony offenses], *In re C.W.* (2012) 208 Cal.App.4th 654 [remanding for proper notification and, if requested, DEJ consideration where the record contained no form JV-751 and there was no evidence such form was sent to the minor or her guardian, DEJ was not mentioned at any of the hearings, and the minor was found to have committed felony offenses], and *In re D.L.* (2012) 206 Cal.App.4th 1240 [remanding where the court failed to provide notice that the DEJ suitability hearing would be conducted on a particular date and the minor was found to have committed felony offenses].

We acknowledge possible defects in minor's DEJ notification, particularly given that the proof of service contained in the record is unsigned. However, we note as well that the proof of service indicates that minor and his parent were served simultaneously with the petition, notice of the March 18, 2019 hearing on the petition, and the DEJ citation and notification. Minor and his parent appeared at the March 18, 2019 hearing. The court found notice had been given as required by law. We therefore struggle to conclude minor and his parent received no notice of his DEJ eligibility or the applicable procedures. In any event, in the cases relied on by minor, the applicable DEJ notice procedures were not followed *and* the minor was found to have committed felony offenses. Here, as stated, minor admitted commission of a misdemeanor. The juvenile court did not exercise jurisdiction over minor based on a finding that he committed a felony. On these facts, remand for a DEJ suitability hearing is unwarranted.

We conclude the juvenile court did not err.

7.

## II.    Probation Conditions

As a condition of probation, the juvenile court required minor to submit to a warrantless search and seizure of his belongings, including his cell phone.  The juvenile court also imposed a condition prohibiting minor from being "in any privately owned vehicle with more than one person known to [him], or identified to [him] by the probation officer as being, under the age of eighteen (18) unless accompanied by a parent or guardian or with permission of the probation officer."  Minor contends the cell phone search condition is unconstitutionally vague and overbroad, and the vehicle condition is likewise unconstitutionally overbroad.  The People contend the conditions are moot because minor's probationary term has expired.  Minor concedes his probationary term has expired, but nonetheless urges us to address the arguments on the merits.

A challenge to a probation condition is generally moot where a juvenile court ward is no longer subject to that condition.  (*In re Erica R.* (2015) 240 Cal.App.4th 907, 911; see *People v. Garcia* (2017) 2 Cal.5th 792, 800 [stating that, in light of the termination of defendant's probation, "the question of these probation conditions' validity is now moot with respect to this defendant"].)  Minor acknowledges as much, but contends we must resolve the validity of these conditions if we conclude he is eligible for DEJ, because the juvenile court will once again have jurisdiction to place him on probation and set conditions of that probationary term.  However, as stated above, remand for a DEJ hearing is not warranted.

Minor further contends we should rule on these conditions to provide guidance to the juvenile court on what appears to be standard conditions of probation.  Where there is a matter of broad public interest that is likely to recur, or the same controversy is likely to recur between the parties, we may exercise our discretion to resolve the issue.  (See, e.g., *People v. Carbajal* (1995) 10 Cal.4th 1114, 1120, fn. 5; *In re R.V.* (2009) 171 Cal.App.4th 239, 245; see also *In re Anna S.* (2010) 180 Cal.App.4th 1489, 1498.)  This is not a case that warrants the exercise of our discretion.  Our Supreme Court has recently

provided guidance to juvenile courts fashioning warrantless electronic search requirements as conditions of probation.  (*In re Ricardo P.* (2019) 7 Cal.5th 1113, 1128–1129.)  Minor's cursory challenge to the driving condition suggests the validity of the condition turns on the particular facts of his case, and thus is not a matter of public interest.

We therefore decline to exercise our discretion to determine the validity of these now moot conditions.

## DISPOSITION

The disposition order is affirmed.