Filed 9/21/22  In re J.C. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re J.C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>J.C.,<br><br>    Defendant and Appellant. | F083212<br><br>(Super. Ct. No. JJD073278)<br><br>**OPINION** |

## THE COURT*

APPEAL from an order of the Superior Court of Tulare County.  John P. Bianco, Judge.

Arthur L. Bowie, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Michael P. Farrell, Assistant Attorney General, Lewis Martinez and Louis M. Vasquez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Franson, Acting P. J., Meehan, J. and Snauffer, J.

Minor, J.C., appeals from a disposition order adjudging her a ward of the juvenile court, granting her probation, and committing her to the short-term program for 180 days. On appeal, she argues that the juvenile court erred by failing to consider her suitability for deferred entry of judgment (DEJ). The People disagree, arguing the court was not required to consider minor for DEJ because she admitted only misdemeanor offenses. We affirm.

## PROCEDURAL SUMMARY

On December 22, 2020, the Tulare County District Attorney filed a first amended juvenile wardship petition (Welf. & Inst. Code, § 602, subd. (a)),[1] in case No. JJD073278,[2] alleging minor committed one misdemeanor count of possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a); count 1) and three misdemeanor counts of possession of drug paraphernalia (Health & Saf. Code, § 11364, subd. (a)(1); counts 2–4).

On March 2, 2021, the Kern County District Attorney filed a juvenile wardship petition (§ 602, subd. (a)), in case No. JW141803-00, alleging minor committed one felony count of possession of methamphetamine in a correctional facility (Pen. Code, § 4573.6; count 1), one felony count of possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a); count 2), one misdemeanor count of possession of drug paraphernalia (Health & Saf. Code, § 11364; count 3), one misdemeanor count of providing false identification to a law enforcement officer (Pen. Code, § 148.9, subd. (a); count 4), one misdemeanor count of driving without a license (Veh. Code, § 12500,

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise stated.

[2] A juvenile dependency action was also filed with regard to minor under the same case number. Because the dependency matter is not the focus of this appeal, details regarding that action are omitted except as relevant to the delinquency matters.

subd. (a); count 5), and one misdemeanor count of petty theft (Pen. Code, § 488; count 6).

On the same date, the prosecutor provided minor a citation and written notification of eligibility to be considered for DEJ.

On March 10, 2021, the Kern County probation department filed a motion to transfer the Kern County case (No. JW141803-00) to Tulare County.

On March 15, 2021, in case No. JW141803-00, count 2 of the petition, alleging possession of methamphetamine, was reduced to a misdemeanor. On the same date, minor admitted counts 2, 4, and 6 of the petition in case No. JW141803-00 and the remaining counts were dismissed on the prosecutor's motion. The matter was transferred to Tulare County for disposition.

On April 19, 2021, minor failed to appear for the disposition hearing and a bench warrant issued on April 1 remained in effect.

On July 29, 2021, the Tulare County District Attorney filed a second amended juvenile wardship petition (§ 602, subd. (a)), in case No. JJD073278, which superseded the first amended petition, alleging minor committed one misdemeanor count of possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a); count 1), three misdemeanor counts of possession of drug paraphernalia (Health & Saf. Code, § 11364, subd. (a)(1); counts 2–4), one misdemeanor count of giving false information to a law enforcement officer (Pen. Code, § 148.9, subd. (a); count 5), one misdemeanor count of possession of burglary tools (Pen. Code, § 466; count 6), and one felony count of forgery (Pen. Code, § 470, subd. (b); count 7).

On the same date, the prosecutor provided minor a citation and written notification of eligibility to be considered for DEJ regarding the allegations of the second amended petition.

On July 30, 2021, count 7 of the second amended petition in case No. JJD073278 was modified to allege misdemeanor receiving stolen property (Pen. Code, § 496,

3.

subd. (d)), rather than felony forgery, and minor admitted the truth of the second amended petition as modified.

On August 17, 2021, the juvenile court adjudged minor a ward of the court, placed her on probation, and committed her to the short-term program for 180 days. The court calculated minor's maximum term of confinement to be two years 10 months.

On August 23, 2021, minor filed a notice of appeal.

## DISCUSSION[3]

Minor contends that she was eligible for DEJ and the juvenile court was therefore required to consider minor's suitability for DEJ. The People respond that *In re R.C.* (2010) 182 Cal.App.4th 1437 (*R.C.*)—holding that a juvenile court is not required to make a DEJ suitability determination in a delinquency matter where a minor admits only *misdemeanor* offenses—is dispositive and on all fours with this case. Minor argues that *R.C.* was wrongly decided. We agree with the People and the court's analysis in *R.C.*

### I. Additional Background

On the date that the second amended petition was filed in this matter[4]—July 29, 2021—the People also filed a form JV-750 determination of eligibility for DEJ and a form JV-751 citation and written notification for DEJ. The forms were addressed to minor and her mother and reflected the district attorney's determination that minor was

---

[3] Minor's only argument on appeal is that the juvenile court abused its discretion in failing to consider her for DEJ. Resolution of that issue is purely a legal question, unrelated to the facts underlying the counts of the second amended petition. For that reason, a summary of the facts underlying the second amended petition is omitted.

[4] On the date the juvenile wardship petition was filed in Kern County in case No. JW141803-00, March 2, 2021, the Kern County District Attorney also filed forms JV-750 and JV-751, explaining her eligibility for DEJ due to being charged with a felony offense (and other eligibility factors). Minor's focus in this appeal is on the absence of a DEJ suitability determination regarding the second amended wardship petition filed in Tulare County case No. JJD073278.

4.

eligible for DEJ. Form JV-751, filed on the same date as the second amended petition, reflected that minor's suitability for DEJ could be considered on July 30, 2021.[5]

On July 30, 2021, the juvenile court called the matter in case No. JJD073278 and asked the parties how they "wish[ed] to proceed with regard to the second amended petition." Minor's counsel responded that he "would waive formal reading and advisement of rights" and in light of the People's offer minor was "prepared to admit all charges." He further requested that the juvenile court adjudge minor a ward of the court and place her on probation pursuant to section 725, subdivision (a). The court then engaged minor in a dialogue to confirm her understanding of the proceedings, her rights, and the consequences of her admissions. Then, having assured itself of minor's understanding, the court accepted minor's admissions to the misdemeanor offenses.

After accepting minor's admissions, the court found "that notice ha[d] been given as required by law," that minor came within section 602, and that the charged offenses were misdemeanors, and referred the matter to probation for consideration under section 725, subdivision (a). It noted that it could not entertain a deferred entry of judgment (presumably because minor had admitted only misdemeanor offenses).

## II. Analysis

DEJ is a program that was enacted as part of the Gang Violence and Juvenile Crime Prevention Act of 1998, which "provide[s] that in lieu of jurisdictional and dispositional hearings, a minor may admit the allegations contained in a section 602 petition and waive time for the pronouncement of judgment. Entry of judgment is

---

[5] Minor acknowledged that the prosecutor did file a form JV-751, but contends that the prosecutor failed to "file the appropriate form, JV-750, Determination of Eligibility—Deferred Entry of Judgment—Juvenile, with [her] second amended subsequent petition on July 29, 2021." Minor is mistaken that the form JV-750 was not filed. The two documents—JV-750 and JV-751—were separated in the record by a notice of hearing, the second amended petition, and a minute order reflecting the juvenile court's findings and orders, but both were filed on July 29, 2021.

deferred. After the successful completion of a term of probation, on the motion of the prosecution and with a positive recommendation from the probation department, the court is required to dismiss the charges. The arrest upon which judgment was deferred is deemed never to have occurred, and any records of the juvenile court proceeding are sealed. (§§ 791, subd. (a)(3), 793, subd. (c).)" (*Martha C. v. Superior Court* (2003) 108 Cal.App.4th 556, 558.)

"To come within the DEJ law's ambit, a minor must be a first-time felony offender charged with a crime not listed in section 707, subdivision (b) (serious or violent offenses creating presumption of unfitness for juvenile jurisdiction) or Penal Code section 1203.06 (crimes rendering offender ineligible for probation). (§ 790, subd. (a).) If a minor meets the eligibility requirements for DEJ, the prosecuting attorney must provide notice thereof to the minor and the trial court must 'conduct the necessary inquiry and exercise discretion to determine whether' the minor is suitable for DEJ. [Citation.] A court may deny DEJ to a minor otherwise eligible if it deems the minor unsuitable for rehabilitation." (*In re Spencer S.* (2009) 176 Cal.App.4th 1315, 1324, fn. omitted (*Spencer S.*).)

Here, minor presents virtually the same argument that was presented to the court in *R.C.*:

> "Minor contends the juvenile courts failed to exercise their discretion to grant [her] DEJ. [She] relies primarily upon *In re Luis B.* (2006) 142 Cal.App.4th 1117 …). There, our colleagues in Division One of the First Appellate District discussed the need for the juvenile court to exercise its discretion to determine whether a minor is suitable for DEJ. The juvenile court there found after a contested jurisdictional hearing that the minor had committed certain offenses, including a felony. (*Id*. at p. 1120.) The district attorney failed to determine whether the minor was eligible for DEJ and provide notice, and the juvenile court did not conduct an inquiry into his suitability. (*Id*. at p. 1123.) The court concluded—and the Attorney General conceded—that failure to consider the minor for DEJ was error. (*Id*. at p. 1121.) In reaching this conclusion, the court noted that the trial court has ultimate discretion to rule on the suitability of the minor

for DEJ, and stated: 'The court may grant DEJ to the minor summarily under appropriate circumstances [citation], and if not must conduct a hearing at which "the court *shall* consider the declaration of the prosecuting attorney, any report and recommendations from the probation department, and any other relevant material provided by the child or other interested parties." [Citation.] While the court retains discretion to deny DEJ to an eligible minor, the duty of the prosecuting attorney to assess the eligibility of the minor for DEJ and furnish notice with the petition is mandatory, as is the duty of the juvenile court to either summarily grant DEJ or examine the record, conduct a hearing, and make "the final determination regarding education, treatment, and rehabilitation …." [Citations.] … The court is not required to ultimately grant DEJ, but is required to at least follow specified procedures and exercise discretion to reach a final determination once the mandatory threshold eligibility determination is made. [Citation.]' " (*R.C.*, *supra*, 182 Cal.App.4th at pp. 1441–1442.)

The *R.C.* court explained that *Luis B.* did not assist R.C. because he did not admit a felony offense. R.C. was charged in a section 602 petition with felony vandalism and the district attorney found that he was eligible for DEJ. (*R.C.*, *supra*, 182 Cal.App.4th at p. 1440.) At a later hearing, R.C.'s counsel advised the court the parties had reached a tentative settlement, and the matter was continued several times before being set for a jurisdictional hearing. (*Ibid*.) Eventually, the minor admitted to misdemeanor vandalism; the court found the minor had committed the misdemeanor and exercised jurisdiction over the minor on that ground. Thereafter, the minor was adjudged a ward of the court and placed on probation. (*Ibid*.)

As noted above, on appeal, R.C. argued the juvenile court erred in failing to exercise its discretion to determine whether he was suitable for DEJ. (*R.C.*, *supra*, 182 Cal.App.4th at pp. 1440–1441.) The court of appeal found no error, explaining that the "statutory scheme does not appear to contemplate that the juvenile court will make a suitability determination unless the minor admits the offense charged." (*Id*. at p. 1443.) Because the minor had not admitted, or expressed his willingness to admit, the charged *felony* but instead admitted a misdemeanor, the juvenile court had no occasion to determine whether the minor was suitable for DEJ. (*Ibid*.) Rather, "[a]t that point, the

case was no longer 'before the juvenile court for a determination of whether a minor [was] a person described in [s]ection 602 because of the commission of a felony offense' (§ 790, subd. (a)), and the DEJ procedures were no longer applicable." (*Ibid*., citing *Spencer S.*, *supra*, 176 Cal.App.4th at pp. 1324–1327.)  We agree with the *R.C.* court's reasoning.

We conclude that this case is on all fours with *R.C.*, *supra*, 182 Cal.App.4th 1437. As our factual summary reflects, the second amended section 602 petition charged minor with a felony allegation on count 7 that raised the possibility of DEJ.  (§ 790, subd. (a).) The record does not suggest minor expressed an inclination to admit the felony alleged in the second amended section 602 petition.  To the contrary, minor admitted only commission of a misdemeanor on count 7.  At that time, the felony allegation was dismissed and DEJ was no longer an available option for minor.  The DEJ procedures accordingly became inapplicable.  (See *Spencer S.*, *supra*, 176 Cal.App.4th at pp. 1328–1329 [holding that the "DEJ law's exclusion of juvenile misdemeanants from its benefits" does not violate equal protection].)  Because the juvenile court did not exercise jurisdiction over minor based on a finding that she committed a felony, no remand for a DEJ suitability hearing is warranted.  (*R.C.*, *supra*, 182 Cal.App.4th at p. 1443.)

The juvenile court did not err in not determining minor's suitability for DEJ.

## DISPOSITION

The order is affirmed.